IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TURNKEY YACHT SERVICES, INC., <br> t/a Annapolis Harbor Boat Yard <br>  *Plaintiff*, <br><br> v. <br><br> SAILING VESSEL "SHEARWATER", <br> 1966 41' Rhodes Reliant <br> MD Registration # MD 6625 BF <br> *et al.*, <br>  *Defendants*. | Civil Action No. ELH-13-2770 |

**MEMORANDUM**

Plaintiff Turnkey Yacht Services, Inc., t/a Annapolis Harbor Boat Yard ("Turnkey"), filed an *in rem* action in admiralty to foreclose on a maritime lien upon the Sailing Vessel "Shearwater" ("Vessel"), and *in personam* claims for breach of contract against the owner of the Vessel, Morton S. Taubman, in his individual capacity and as trustee of Shearwater, LLC. Defendants Vessel and Taubman filed a counterclaim, alleging fraudulent inducement, breach of contract, negligent misrepresentation, and wrongful arrest of the vessel and conversion. ECF 25.

On February 3, 2014, Marta Labarraque Bosworth moved to intervene in this action ("Motion to Intervene," ECF 30). Defendants opposed intervention (ECF 31), Labarraque replied (ECF 32), defendants filed a "Sur-Reply" (ECF 35), with leave of Court, and Labarraque filed a "Sur-Sur-Reply" (ECF 36), also with leave of Court.

Intervention in admiralty cases is governed by Local Admiralty Rule (e)(10), which provides: "When a vessel or other property has been arrested, attached, or garnished . . . anyone

- 2 -

having a claim against the vessel or property is required to present the claim by filing an intervening complaint . . . ."

Labarraque does not contend that she has a maritime lien or any other claim against the Vessel. Rather, as grounds for intervention, Labarraque proclaims that she has "three foreign judgments totaling in excess of $142,125.00 recorded in the Circuit Court for Montgomery County . . . against Defendant Morton S. Taubman ("Taubman"), the owner of the Vessel . . . ." *Id.* ¶ 1. In other words, Labarraque is a judgment creditor of Taubman. She asserts that, if the maritime lien on the Vessel is foreclosed on and the Vessel is sold, she may be entitled to some of the proceeds from the sale to satisfy the foreign judgments. *Id.* ¶ 3.

The question before the Court must be resolved with reference to "the ancient and peculiar case law of admiralty." *Bank One, Louisiana N.A. v. MR. DEAN MV*, 293 F.3d 830, 832 (5th Cir. 2002). Under the law of admiralty, a maritime lien "grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the proceeds." *Silver Star Enterprises, Inc. v. Saramacca MV*, 82 F.3d 666, 668 (5th Cir. 1996). Accordingly, the proceeds from a foreclosure sale of the Vessel would be distributed to Turnkey, the alleged holder of the maritime lien, to satisfy the alleged debt. *See id.*

Labarraque claims that her foreign judgments against the Vessel's owner give her an interest in any proceeds from the foreclosure sale that remain after Turnkey is made whole. Therefore, she argues, she should be permitted to intervene to protect that interest. However, the Supreme Court has held otherwise. In *The Lottawanna*, 87 U.S. 201 (1873), a maritime lien was foreclosed upon and the subject vessel was sold under court order. *Id.* at 203. Several judgment creditors of the vessel's owner intervened, claiming an interest in the sale proceeds that remained

after the holders of the maritime lien collected on their debts. *Id.* at 204. The Supreme Court held that those judgment creditors did not have any such interest; rather, the excess proceeds from the sale belonged to the owner of the vessel. *See id.* at 220–24. In particular, the Supreme Court said, *id.* at 221–22:

> Beyond doubt maritime liens upon the property sold by the order of the admiralty court follow the proceeds, but the proceeds arising from such a sale, if the title of the owner is unincumbered and not subject to any maritime lien of any kind, belong to the owner, as the admiralty courts are not courts of bankruptcy or of insolvency, nor are they invested with any jurisdiction to distribute such property of the owner, any more than any other property belonging to him, among his creditors. Such proceeds, if unaffected by any lien, when all legal claims upon the fund are discharged, become by operation of law the absolute property of the owner. . . . [A] person who has merely a collateral interest in some question involved in the suit and has no actual concern in the subject-matter of it, cannot be allowed to intervene in the proceedings.

*See also Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 80 (2d Cir. 2003) ("In order to intervene in the action . . . [the proposed intervenors] had to establish that they had the right to enforce a maritime lien against the vessel.").

Labarraque is a mere judgment creditor of Taubman. She has no maritime lien or other legal interest in the Vessel *qua* Vessel; her interest is solely in the proceeds of a possible foreclosure sale. In such a circumstance, she "cannot be allowed to intervene in the proceedings." *The Lottawanna*, 87 U.S. at 222. Accordingly, the Motion to Intervene (ECF 30) is DENIED. An Order follows.

Date: May 9, 2014          /s/
                           Ellen Lipton Hollander
                           United States District Judge