IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TURNKEY YACHT SERVICES, INC.,
t/a Annapolis Harbor Boat Yard

    *Plaintiff*,

    v.

SAILING VESSEL "SHEARWATER",
1966 41' Rhodes Reliant
MD Registration # MD 6625 BF
*et al.*,

    *Defendants*.

Civil Action No. ELH-13-2770

## MEMORANDUM

This Memorandum addresses a motion to vacate orders of default, arising from an admiralty action.[1]

In September 2013, plaintiff Turnkey Yacht Services, Inc. t/a Annapolis Harbor Boat Yard ("Turnkey") filed a complaint against the sailing vessel Shearwater (the "Vessel"); Shearwater, LLC (the "LLC"), the alleged owner of the Vessel; and Morton S. Taubman, in his individual capacity and as trustee of the assets of Shearwater, LLC. ECF 1 at 1, 5. Turnkey seeks foreclosure on an alleged maritime lien, pursuant to 46 U.S.C. § 31301 *et seq.*, related to outstanding sums allegedly owed by defendants to Turnkey for Turnkey's repair, restoration, and dockage of the Vessel. ECF 1 at 4.

As an *in rem* admiralty proceeding, the matter is subject to the Federal Rules of Civil Procedure and its Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rules"). *See, e.g., Am. Dredging Co. v. Miller*, 510 U.S. 443, 446-47 (1994)

---

[1] As discussed, *infra,* the Memorandum does not address various motions filed by plaintiff.

("An *in rem* suit against a vessel is … distinctively an admiralty proceeding… ."); Supp. Rule A(1)(A)(ii) (Supp. Rules apply to admiralty actions *in rem*); Supp. Rule A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.").   Pursuant to Supp. Rule C(3)(a), I issued a warrant for the Vessel's arrest on September 20, 2013, ECF 6, which was executed on September 24, 2013.   ECF 10.   Under Supp. Rule C(6)(a)(i), in an action *in rem*, "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest."   The statement must be filed "within 14 days after the execution of process," as described in other subsections of Rule C, or "within the time that the court allows."   Supp. Rule C(6)(a)(i)(A), (B).

As of the date of this Memorandum, and as discussed, *infra*, only the LLC and Mr. Taubman filed statements of right or interest in this action.   *See* ECF 12 (LLC statement, filed Oct. 8, 2013); ECF 39 (Taubman statement, filed May 2, 2014).

On November 3, 2014, Turnkey filed a "Motion for Interlocutory Sale of S/V Shearwater, Defendant In Rem, Pursuant to Admiralty Rule E(9)(a)."   ECF 50.   Thereafter, on November 21, 2014, Turnkey filed a "Request For Entry of Default As To All Potential Claimants Except Morton Taubman."   ECF 59.   The motion for entry of default asserted: "The only person who has filed a verified statement of interest or an answer in this matter is Morton Taubman."   *Id*. at 2.   Further, Turnkey alleged that LLC members Allyson Taubman, Barry Friedman, and Barbara Friedman (collectively, the "Defaulters"), failed to file verified statements of interests and answers, as required by Supp. Rule C(6).   Accordingly, Turnkey sought entry of default against the Defaulters.   *Id*. at 2-3.   Thereafter, the Clerk entered default against each of them.   *See* ECF 60, 61, 62.

2

On December 3, 2014, following the Clerk's entry of default against the Defaulters, plaintiff filed a "Motion for Partial Default Judgment Against 85% of the In Rem Defendant Vessel." ECF 67. Also on December 3, 2014, defendants and counterclaim plaintiffs Taubman, The Vessel, and the LLC[2] filed a "Response in Opposition to Entry of Default" (ECF 64, the "Motion"). The Motion asked that "the Orders of Default entered against Allyson Taubman (ECF 60), Barry Friedman (ECF 61), and Barbara Friedman (ECF 62) be vacated, or, in the alternative," that the same three persons "be granted leave to file statements of interest and answers or be allowed to adopt" submissions (ECF 39, ECF 25) already filed by defendants. Motion at 5. Plaintiff has responded. ECF 66 ("First Reply").

A corrected order of default was entered against all three Defaulters on December 9, 2014. ECF 68 (corrected order of default). The Court informed the parties on the same date that the Clerk was directed to correct clerical errors in the orders of default. *See* ECF 69 (Order explaining correction). In addition, I advised that I would consider the Motion and Reply as if filed in response to the corrected order, and invited the parties to submit supplemental briefings premised on the text of the corrected order. *See Id.*

On December 11, 2014, defendants filed a pleading titled "Defendants' Reply to Plaintiff Turnkey Services, Inc.'s Motion for Partial Default Judgment." ECF 74 ("Response"). Presumably in response to the pleading's title, it was docketed as defendants' response to plaintiff's motion for default judgment. *See* ECF 67 (plaintiff's motion for partial default judgment); ECF 74 (docket text). The Response seeks the same relief as the Motion — *i.e.*, *vacatur* of the default order(s), or leave to file additional statements of interest. Because ECF 74

---

[2] Defendants filed counterclaims against Turnkey and its alleged President, John Norton, in October 2013. See ECF 13 at 15 (answer and counterclaims); ECF 28 (Order granting request for joinder of Norton as party to the counterclaim).

was filed shortly after my Order of December 9 (ECF 69), and it seeks the same relief as the Motion, I will consider it collectively with the Motion, even though it purportedly pertains to plaintiff's Motion for Default Judgment, rather than the Clerk's entry of default.

On January 5, 2015, Turnkey filed a "Reply to Defendants' Opposition to Plaintiff's Motion for Partial Default Judgment Against 85% of the In Rem Defendant Vessel." ECF 75, "Second Reply." In its Second Reply, Turnkey responded to defendants' arguments in ECF 74, by reiterating and reinforcing the arguments Turnkey made in its First Reply. *Id*. Because this pleading also pertains to the Clerk's entry of default, I will consider it along with the Motion.

No hearing is needed to resolve the Motion. *See* Local Rule 105.6. However, this Memorandum does not address plaintiff's pending motions (ECF 50, ECF 67). For the reasons that follow, I will deny defendants' Motion (ECF 64).

### Factual Background

Both sides seem to agree that defendant Shearwater, LLC "was formed in January 2000 for the purpose to purchase" and "hold legal title and ownership of the Vessel Shearwater," and that the LLC was dissolved before initiation of this action. ECF 35 at 5 (defendants); ECF 66 at 5 n.1 (plaintiff's First Reply). The LLC had only four members: Morton S. Taubman, Allyson Taubman, Barry Friedman, and Barbara Friedman. ECF 64-1 ("Taubman Aff.") ¶ 3.[3] The LLC's Operating Agreement provided set percentages of membership ownership. ECF 35 at 5. According to affidavits of the Defaulters filed by defendants, the "ownership of the vessel Shearwater and the percentage of ownership between the owners" has not changed since early 2001. ECF 31 at 33, 35, 37 (affidavits of Defaulters). The percentages are allotted as follows: Barry Friedman (36.25%); Allyson Taubman (12.5%); Morton Taubman (15%); and Barbara

---

[3] As noted, I shall refer to Allyson Taubman and the Friedmans as the "Defaulters."

Friedman (36.25%).  *Id*.  According to Taubman, "the Sailing Vessel was distributed to members of the Shearwater, LLC" when the LLC dissolved.  *E.g.*, ECF 39.

Mr. Taubman, who is also an attorney, has been counsel of record for defendants since October 2013.  ECF 11.  In his entry of appearance, he stated:  "Please enter the appearance of Morton S. Taubman … as counsel for the *in rem* Defendant identified in the above caption and the Defendant Shearwater, LLC."  *Id*.  He has not entered any other appearance.  *See* Docket; *see also* ECF 43 (Joint Status Report to the Court  dated June 17, 2014, signed and certified by Morton S. Taubman as "Defendant, in his personal capacity;" "In his capacity as an interested owner of the Vessel Shearwater;" and "In his capacity as trustee of Shearwater, LLC").  In November 2014, three additional attorneys appeared on behalf of "Shearwater, LLC, Morton S. Taubman, and S/V Shearwater."  ECF 51, 52, 53 (notices of appearance).  In December 2014, this Court granted those same three attorneys' motion to withdraw as counsel for the defendants. *See* ECF 70 (Motion); ECF 71 (Order).

As stated, only the LLC and Morton Taubman have filed statements of right or interest in this action, in accordance with Supp. Rule C(6)(a)(i).

On October 8, 2013, the LLC filed a "Verified Statement of Interest Under Supplemental Rule C(6)."  ECF 12 ("First Verified Statement of Interest").  It alleged that it purchased the vessel in 2000 and "has maintained ownership of such vessel since such date."  *Id*. at 1.  The LLC stated: "By virtue of the above and its Answer, Shearwater, LLC asserts its right to demand for restitution or right to defend this action under Supplemental Rule C(6)(a)(ii)."  *Id*. at 2.

On May 2, 2014, Mr. Taubman filed his "Verified Statement of Interest Under Supplemental Rule C(6)," in which he explained that the LLC "was dissolved" (without

specifying when) and asserted his own interest in the Vessel.   ECF 39 ("Second Verified

Statement of Interest").  He stated, in part, *id*. at 2 (emphasis added):

> 2.   Shearwater, LLC purchased the 41' Rhodes Reliant sailing vessel ("Sailing
> Vessel") on January 2000, and later was dissolved wherein the Sailing Vessel was
> distributed to members of the Shearwater LLC (Barry Friedman, Barbara
> Friedman, Allyson Taubman and Morton Taubman, [sic] and they have
> maintained ownership of the vessel since such date.
>
> 3.   By virtue of the above and its Answer, Morton Taubman, one of the joint
> owners of Sailing Vessel asserts *his* right to demand for restitution or right to
> defend this action under Supplemental Rule C(6)(a)(ii).

As discussed, on November 21, 2014, Turnkey filed a "Request for Entry of Default as to

All Potential Claimants Except Morton Taubman."  ECF 59.  Along with that motion, Turnkey

filed a Certificate of Counsel, completed by plaintiff's attorney, Todd D. Lochner.  ECF 59-1

("Certificate").  The Certificate and accompanying exhibits attest to Turnkey's compliance with

certain notice requirements, set out in Local Admiralty Rule C, which must be satisfied before

entry of an order of default.  *Id*.  The Certificate also states, *id*. at 2:

> In addition to the notice required by this Court's Local Admiralty Rules, after
> confirming that he and his wife were not represented, my firm contacted Barry
> Friedman by telephone on June 16, 2014, and advised him that as a partial owner
> of the Vessel Mr. Friedman had the right to file, and an interest in filing, a Rule
> C(6)(a) statement of interest.  Since that initial conversation, I have continued to
> communicate by telephone and email with Mr. Friedman regarding his and his
> wife's interest in these proceedings.

In Turnkey's Second Reply (ECF 75), Turnkey reiterates its counsel's

communications with Mr. Friedman.  ECF 75 at 5.

In contrast to Lochner's statements in the Certificate, and without addressing those

statements, defendants assert in their Response, ECF 74 at 4: "The Defaulted Claimants were

unaware of [the] alleged default and accordingly, were in fact responsible for the immediate

response filed (ECF 64)" (*i.e.*, the Motion).  They maintain that defendants have "pled a vigorous

defense" as well as a counterclaim "construed to be pleadings for the Defaulted Claimants."  *Id.*

## Discussion

### A.

As an initial matter, nothing on the record shows that Taubman, or any attorney who

entered an appearance for defendants, has authority to act on behalf of the Defaulters.  In an

affidavit filed by Mr. Taubman with the Motion, he states that at all relevant times he has

"intended as counsel to be representing the interests of Shearwater, LLC and, as Shearwater,

LLC has dissolved, *its former members* who became the owners of the S/V SHEARWATER."

ECF 64-1 ¶ 4 (emphasis added).   But, Taubman has never expressly entered an appearance on

behalf of any of the Defaulters.  *See* ECF 11 (Taubman entry of appearance on behalf of the

LLC).  The fact that the Defaulters were formerly members of Shearwater, LLC does not mean

that Taubman effectively entered an appearance on their behalf.   *Cf.* Local Rule 102(a)(i)

("When a party is represented by counsel, the Clerk shall accept for filing only documents signed

by a member of the Bar of this Court whose appearance is entered on behalf of that party.");

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 26 ("A lawyer's act is considered to

be that of a client in proceedings before a tribunal or in dealings with third persons when: (1) the

client has expressly or impliedly authorized the act; (2) authority concerning the act is reserved

to the lawyer as stated in § 23; or (3) the client ratifies the act.").  And, as discussed, *infra*, in the

statements of interest filed by Taubman, he never stated his authority or intention to act on behalf

of the Defaulters, as counsel or otherwise, as required by Supp. Rule C(6)(a)(iii).  *See* ECF 12;

ECF 39 (statements).

Moreover, the facts appear to belie Taubman's argument that he always "intended as counsel to be representing the interests of Shearwater, LLC and, as Shearwater, LLC has dissolved, *its former members* who became the owners of the S/V SHEARWATER." Ecf 64-1 ¶ 4 (emphasis added).   In the Motion, the entirety of defendants' argument on the merits of their request to vacate the orders of default is as follows, Motion at 4-5 (emphasis added):

> 14. In filing the Answer to Verified Complaint (ECF 13), the Responses to Motion for More Definite Statement (ECF 25), and the Verified Statement of Interest Under Supplemental Rule C(6) (ECF 39), Morton Taubman, as counsel for Defendants, as a Defendant, as a former member and trustee of the dissolved limited liability company, Shearwater, LLC, *intended that he was filing on behalf of Shearwater, LLC and all its members*.   (See Affidavit of Morton S. Taubman attached hereto as Exhibit A).
>
> 15.   The notice provisions of Supplemental Rule C(4) and LAR (c)(3) were not intended to cause former members of a dissolved limited liability company, which was named as a defendant in an in rem action in which it has appeared by counsel and through its trustee and one of its members and filed a Statement of Interest (ECF 39) and Answer (ECF 25), to be exposed to default judgments *when they do not individually appear and file a claim to vessel and answer*.

In defendants' recently submitted Response, defendants reiterate their belief that "Morton Taubman was in fact representing the other members (Defaulted Claimants) of Shearwater, LLC in its dissolution and all answers and pleadings were in fact representing the interest of all members of the dissolver Shearwater, LLC."   ECF 74 at 1.   However, as discussed, only two statements of verified interest have ever been filed in this case, which was instituted more than a year ago.

Notably, neither statement of verified interest expressly names any of the Defaulters. The first statement asserts only the interest of Shearwater, LLC as owner of the Vessel.   ECF 12. The Second Verified Statement of Interest states, ECF 39 at 2 (emphasis added): "By virtue of the above and its Answer, Morton Taubman, one of the joint owners of Sailing Vessel asserts *his* rights to demand for restitution or right to defend this action under Supplemental Rule

C(6)(a)(ii)."  It does not make any mention of the Defaulters.  Id. at 1-2.  Nor does it state any "authority to file a statement of right or interest on behalf of another," as required by Supp. Rule C(6)(a)(iii).  Indeed, the Second Verified Statement of Interest begs the following questions — once it was revealed that the LLC had been dissolved, if Mr. Taubman felt the need to file a second statement specifying and clarifying his own interest in the Vessel, then, if he were also representing the Defaulters at that time, why did he not do the same for them?  Why did he not name them, describe their claims, and state his authority to do so on their behalf, as required by Supp. Rule C?

Additionally, none of the other three attorneys who signed the Motion (James W. Bartlett, III; Christina Bolmarcich; and Imran O. Shaukat) entered an appearance on behalf of any of the Defaulters.  *See* ECF 51, 52, 53 (notices of appearance).  Nor did they ever claim to be representing the Defaulters.  *See* generally Docket.

Accordingly, there is no basis for the Court to conclude that any of the attorneys who filed the Motion, including Mr. Taubman, were in fact representing the Defaulters.

**B.**

Even assuming that Mr. Taubman is counsel for the Defaulters, and that he carelessly failed to enter an appearance on their behalves, the Court cannot consider the Motion under Rule 55(c) because neither the Defaulters nor Mr. Taubman have statutory standing to bring the Motion.

As stated, in admiralty cases, such as this, the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply.  *See* Supp. Rule A.  The standard Federal Rules of Civil Procedure "also apply," unless they are inconsistent with the Supplemental Rules.  *See* Supp. Rule A(2).  Similarly, the Local Rules of

this District apply, unless inconsistent. *See Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154-55 (4th Cir. 1995) (holding Local Admiralty Rule prevails where not inconsistent with Supp. Rule).

Under Supp. Rule C(6)(a)(i), in an action *in rem*, "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest." The statement must be filed "within 14 days after the execution of process," as described in other subsections of Rule C, or "within the time that the court allows." Supp. Rule C(6)(a)(i)(A), (B). The Rule also requires that the statement "describe the interest in the property that supports the person's demand for its restitution or right to defend the action," Supp. Rule C(6)(a)(ii), and that "an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another." Supp. Rule C(6)(a)(iii).

Courts routinely hold that claimants who fail to comply with the requirements of Supp. Rule C lack standing to contest orders of default or default judgments. *E.g.*, *United States v. Ragin*, 113 F.3d 1233, at *3 (4th Cir. May 21, 1997) (unpub.) ("It is well established that before a claimant in a forfeiture case can file an answer and defend on the merits, the claimant must file a claim of ownership. In the absence of a timely filed claim, the claimant lacks standing to contest a forfeiture.") (discussing Supp. Rule C); *In re Am. River Transp. Co.*, 728 F.3d 839, 842 (8th Cir. 2013) ("The Federal Rules of Civil Procedure Supplemental Rules C and G have been deemed to create statutory standing requirements for challenging forfeiture actions.") (citing cases from the Third, Sixth, Seventh, Eighth, Tenth, Eleventh, and D.C. circuits); *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007) ("Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.") (discussing Supp. Rule C) (citing cases from the First and Ninth circuits).

Here, defendants ask the Court to find that the Second Verified Statement of Interest (ECF 39), filed by Mr. Taubman, was filed "on behalf of Shearwater, LLC and all its members." *See* Motion ¶ 14; *see also* Response ¶ 1 (arguing that "all answers and pleadings were in fact representing the interest of all members of the dissolved Shearwater, LLC"). However, as is apparent from the text of Mr. Taubman's statement, quoted above, it unambiguously asserts the interest of Mr. Taubman, and only Mr. Taubman. *See*, *e.g.*, ECF 39 ¶ 3 ("By virtue of the above and its Answer, Morton Taubman, one of the joint owners of Sailing Vessel asserts his right to demand for restitution or right to defend this action under Supplemental Rule C(6)(a)(ii)."). The statement cannot be stretched to cover the interests of the Defaulters.

Even if the Second Verified Statement of Interest (ECF 39) could be construed as asserting the Defaulters' ownership interest, as defendants argue, the statement does not satisfy Supp. Rule C because it is not verified by any of them, *i.e.*, signed under oath. *See* Supp. Rule C(6)(a)(i) (requiring a "verified" statement of interest). Moreover, even if Mr. Taubman were acting as the Defaulters' attorney at that time, the statement does not satisfy Supp. Rule C because "an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another," Supp. Rule C(6)(a)(iii), and the Second Verified Statement contains no such statement of authority. *See* ECF 39; *see also* LAR(e)(3) ("Verification of Pleadings"); *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1118-19 (9th Cir. 2004) (holding claimant's statement was "insufficient for lack of proper verification by his attorney" where statement said that counsel "'has been authorized by said claimants [sic] to file this claim'") (quoting statement of interest).

Accordingly, because the Defaulters have failed to file verified statements of right or interest in the Vessel, as required by Supp. Rule C, the Defaulters lack statutory standing to

challenge the Clerk's order of default against them.  *See*, *e.g.*, *Ragin*, 113 F.3d at *3; *United States v. Munson*, 477 F. App'x 57, 65 (4th Cir. 2012) (holding claimant who failed to timely file a verified claim pursuant to Supp. Rule C lacked statutory standing to challenge order granting summary judgment); *Gregory Boat Co. v. Vessel Big Beaut*, 938 F. Supp. 414, 416 (E.D.M.I. 1996) (granting plaintiff's motion for default judgment where claimant lacked standing to contest the motion because he failed to file a statement of interest).

Similarly, to the extent Mr. Taubman believes he may act on the Defaulters' behalf in his capacities "as a Defendant, and as a former member and trustee" of the LLC, Motion, ECF 64 ¶ 14, he too lacks statutory standing to challenge the orders of default on the Defaulters' behalf. As stated, Supp. Rule C(6)(a)(ii) requires that "an agent … must state the authority to file a statement of right or interest on behalf of another" in the verified statement of interest.  No such statement appears on the record here.  Thus, even assuming Mr. Taubman might be considered an "agent" for the Defaulters, he has failed to state his authority to file a statement of right or interest on behalf of the Defaulters *within* a verified statement of interest, as required by Supp. Rule C.

Accordingly, Mr. Taubman, in his capacity as a purported agent for the Defaulters, also lacks statutory standing to challenge the order.  *See*, *e.g.*, *United States v. Real Prop. Located at 4527-4535 Michigan Ave.*, 489 F. App'x 855, 858 (6th Cir. 2012) (holding that claimants who said they were Presidents of the corporate owner of the *res* at issue lacked statutory standing to contest forfeiture because they did not identify their authority to act on behalf of the corporation, as required by Supp. Rule C).

## C.

Finally, defendants ask the Court, in the alternative, to permit the Defaulters to file belated statements of interest and answers.  Motion, ECF 64 at 5.

Supp. Rule C(6)(a)(i) provides that a claimant may file a verified statement of interest "within 14 days after the execution of process," or "within the time that the court allows."  But, it does not speak to when and under what circumstances a court should allow additional time. However, it is well established that Fed. R. Civ. P. 6, on "Computing and Extending Time," generally applies.  *See*, *e.g.*, *United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991) (applying Rule 6 to request to file statement of interest under Supp. Rule C); *Ragin*, 113 F.3d at *4 (same).

Pursuant to Fed. R. Civ. P. 6(b)(2), "a court may allow a claim to be filed out of time on a showing of excusable neglect."  *Borromeo*, 945 F.2d at 753.  The "determination is equity-ridden, and the peculiar facts of each case involve different equities."  *Id.*  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Supreme Court identified a number of potentially relevant circumstances including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  The Fourth Circuit has said: "'The most important of the factors identified in *Pioneer* for determining whether neglect is excusable is the reason for the failure to [timely] file.'"  *Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)); *accord Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006).  The

decision to grant or deny leave to belatedly file is within the district court's discretion.  *E.g.*, *Borromeo*, 945 F.2d at 754.

Excusable neglect "'is not easily demonstrated, nor was it intended to be.'"  *Bredell*, 290 F. App'x at 565 (quoting *Thompson*, 76 F.3d at 534).  "Indeed, 'a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Symbionics, Inc. v. Ortlieb*, 432 F. App'x 216, 219-20 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534) (emphasis added in *Thompson*).  A "'mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing' for excusable neglect."  *Id*. at 219 (quoting *Thompson*, 76 F. 3d at 534, quoting *In re O.P.M. Leasing Serv., Inc.*, 769 F.2d 911, 917 (2d Cir. 1985)).  In *Symbionics, Inc.*, for example, the Fourth Circuit held that the district court abused its discretion in granting plaintiff a one-day extension of time to file a notice of appeal because counsel's failure to timely file was "precisely the sort of 'run-of-the-mill inattentiveness by counsel' that we have consistently declined to excuse in the past."  432 F. App'x at 220 (quoting *Thompson*, 76 F.3d at 535).  Plaintiff had won an extension below by explaining that a computer program that plaintiff's attorney used to calculate the filing deadline had malfunctioned.  *Id*. at 218.

Here, defendants' arguments fall far short of justifying leave to file late statements of interests.  The case has been pending since September 2013.  ECF 1.  Yet the Motion was not filed until about 15 months later.  ECF 64.  Plaintiff's attorney alleges, in a sworn affidavit, that more than six months ago he personally spoke with Barry Friedman about Friedman's need to file a statement of interest and the potential for default.  ECF 59-1 at 2 (Certificate of Counsel). Even if that statement is untrue, it is undisputed that the Defaulters have known about the case for at least ten months.  *See* ECF 31 at 33, 35, 37 (signature pages of affidavits by each defaulter,

each signed Feb. 12, 2014).  The only reason offered for the Defaulters' continued delay and failure to file verified statements of interest is that they believed their interests were covered by the filings of Mr. Taubman, acting as their attorney or agent.  *See* Motion, ECF 64 at 4; Response, ECF 72 at 4-5.

Even if Mr. Taubman truly meant to represent the interests of the Defaulters, Mr. Taubman failed to file statements that comply with Supp. Rule C.  This sort of "palpable oversight" is unfortunate, but not enough to show excusable neglect to do so more than one year after the deadline.  *See*, *e.g.*, *Symbionics*, 432 F. App'x at 218, 220 (reversing district court's decision to extend filing deadline by one day, where computer glitch confused counsel as to correct deadline); *United States v. Premises Known as Lots 14, 15, 16, 19, 47, and 48*, 682 F. Supp. 288, 290 (E.D.N.C. 1987) ("Mere ignorance or unfamiliarity with the law is clearly inadequate [to show excusable neglect], especially since the necessity of filing a claim is clear from a reading of Supplemental Rule C(6).").

## Conclusion

For the foregoing reasons, defendants Motion (ECF 64) is DENIED.  An Order follows.

Date: January 9, 2015                                   _____/s/_____
                                                        Ellen Lipton Hollander
                                                        United States District Judge